JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Carol Quartuccio

**DEFENDANTS**

Bimbo Bakeries USA, Inc.

(b) County of Residence of First Listed Plaintiff   **Bucks**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Montgomery**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Stephen G. Console, Esquire
Console Law Offices LLC
1525 Locust Street
9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question (U.S. Government Not a Party)
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district (specify)
- ☐ 6   Multidistrict Litigation
- ☐ 7   Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §2000(e), et seq. ("Title VII"); 29 U.S.C. §621 ("ADEA")

Brief description of cause:
Plaintiff is alleging age discrimination and sex discrimination.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

n/a

JUDGE _____   DOCKET NUMBER _____

DATE
August 23, 2016

SIGNATURE OF ATTORNEY OF RECORD

Stephen G. Console, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**                                  APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Carol Quartuccio, Doylestown, PA 18902

Address of Defendant: Bimbo Bakeries USA, Inc., 255 Business Center Drive, Horsham, PA 19044

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?        Yes ☐   No ☒
*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?        Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?        Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?        Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Stephen G. Console, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: Aug. 23, 2016        _____        36656
                            Attorney-at-Law                Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: Aug. 23, 2016        _____        36656
                            Stephen G Console, Esquire

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Carol Quartuccio | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| Bimbo Bakeries USA, Inc. | : | NO. |
| Defendant. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)


| | | |
|---|---|---|
| Aug. 23, 2016 | Attorney-at-law | Plaintiff, Carol Quartuccio |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (21_) 545-7676 | (215) 565-2850 | console@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL QUARTUCCIO,<br>Doylestown, PA 18902 | : | CIVIL ACTION NO. |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| BIMBO BAKERIES USA, INC.,<br>255 Business Center Drive,<br>Horsham, PA 19044 | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## COMPLAINT

### I.   INTRODUCTION

Plaintiff, Carol Quartuccio, brings this action against her former employer, Bimbo Bakeries USA, Inc. ("Bimbo"), for unlawful discrimination, hostile work environment and retaliation in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.*, ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.3. § 951, *et seq.* ("PHRA"). Plaintiff was the oldest and only female Key Account Manager for Bimbo. Despite having impressive sales numbers and positive customer relationships, Plaintiff, age 58 at the time, was unfairly targeted by her younger male supervisor who discriminated against her and subjected her to a hostile work environment. When Plaintiff complained of this mistreatment to Bimbo, her supervisor escalated his behavior, openly criticized Plaintiff in front of her co-workers and assigned her a negative account to diminish her performance record. When Plaintiff requested a follow-up meeting to address the escalation of her supervisor's

conduct, Bimbo elected to terminate the Plaintiff without notice, in direct retaliation for Plaintiff complaining of discrimination.  Bimbo then replaced Plaintiff with a younger, male employee. By firing Plaintiff and replacing her with a male employee, Bimbo succeeded in creating an all-male sales team for Bimbo's national accounts.

II.    **PARTIES**

1.    Plaintiff, Carol Quartuccio, is an individual and a citizen of Pennsylvania, residing in Doylestown, Pennsylvania.

2.    Plaintiff is female.

3.    Plaintiff was fifty-eight (58) years old at the time Defendant terminated her employment.

4.    Defendant, Bimbo Bakeries USA, Inc., is a Delaware corporation with its corporate headquarters located at 255 Business Center Drive, Horsham, PA 19044.

5.    Defendant is a subsidiary of Grupo Bimbo, S.A.B. de C.V., a world-wide bakery product manufacturing company headquartered in Mexico City, Mexico.

6.    Defendant is engaged in an industry affecting interstate commerce, and at all relevant times, has regularly conducted business in the Commonwealth of Pennsylvania.

7.    During her employment, Plaintiff's work location was Defendant's corporate headquarters. Plaintiff was also permitted, at times, to work remotely until August 2014 when she was required to work at Defendant's corporate headquarters.

8.    At all times material hereto, Defendant has acted as an "employer" within the meaning of the statutes which form the basis of this matter.

9.   At all times hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

10. At all times material hereto, Defendant employed more than twenty (20) individuals.

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the statutes that form the basis of this matter.

III.   **JURISDICTION AND VENUE**

12. The causes of action that form the basis of this matter arise under the ADEA, Title VII, and the PHRA.

13. The District Court has jurisdiction over Count I (ADEA) and Count II (Title VII) pursuant to 28 U.S.C. §1331.

14. The District Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

15. Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5.

16. On or about March 10, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("Charge").  Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

17. On or about May 26, 2016, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of this notice (with personal identifying information redacted).

18. Plaintiff is filing this complaint within ninety (90) days from her receipt of this notice.

19. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.   **FACTUAL ALLEGATIONS**

20. Plaintiff was hired by Bimbo as a Key Account Manager in or about May of 2009.

21. As a Key Account Manager, Plaintiff reported to Glenn Stewart, Director of Food Services, a male manager who is younger than Plaintiff.

22. Stewart reported to Christopher Finck, Senior Vice President of National Accounts, a male executive who is younger than Plaintiff.

23. Plaintiff was the only Key Account Manager until Defendant's parent company acquired Sara Lee Corporation's North American Fresh Bakery business on or about November 2011.

24. As a result of the Sara Lee acquisition, Bimbo acquired two additional Key Account Managers who were both male and younger than Plaintiff.

25. Bimbo bakes, sells and distributes several name brand bakery products throughout the United States, including, for example, Entenmann's®, Thomas'® and Stroehmann®.

26. As a Key Account Manager, Plaintiff's job required that she develop and maintain customer relationships with food service accounts across the country and identify new opportunities for future customer relationships.

4

27. At all times relevant hereto, Plaintiff performed her duties in a competent manner.

28. During Plaintiff's employment, Plaintiff was the oldest Key Account Manager.

29. During Plaintiff's employment, Plaintiff was the only female Key Account Manager.

30. As a Key Account Manager, Plaintiff was required to meet weekly with her supervisor, Stewart.  Stewart required Plaintiff to meet in person with him while the other two male Key Account Managers were able to conduct their meetings with Stewart by phone.

31. On August 18, 2014, during a weekly meeting between Stewart and Plaintiff, Stewart harshly criticized Plaintiff's performance and unfavorably compared Plaintiff to the other two male Key Account Managers.  Stewart told Plaintiff that he was putting her on "probation" and that he was going to record everything Plaintiff did wrong from thereon out.

32. At the time of the August 18, 2014 meeting, Plaintiff had the best sales numbers of all the Key Account Managers.

33. Probation is not a recognized form of discipline under Defendant's company policies.

34. Plaintiff never received anything in writing from Defendant explaining "probation" or verifying or supporting Stewart's assertion that she was on "probation."

35. Later in August, Stewart assigned an account to Plaintiff that was known to be operating in the negatives and would negatively impact Plaintiff's sales numbers.

36. On or about August 26, 2014, Plaintiff delivered a written complaint of discrimination based on age and sex to the Lou Minella, the Senior Vice President of Human Resources.

5

37. Minella assigned Plaintiff's complaint to a more junior level human resources employee, Kelly Forester.

38. On or about September 15, 2014, Plaintiff met with Forester and reiterated her complaints of age and sex discrimination. Plaintiff informed Forester that the conditions had not improved.

39. Following Plaintiff's complaints of discrimination to Minella and Forester, Stewart continued to provide Plaintiff with harsh and unfounded criticism of her performance.

40. On or about September 22, 2014, Plaintiff went to Forester and told her that Stewart's conduct towards her was getting worse and that Stewart's treatment was very emotional and stressful for Plaintiff. Forester responded by saying Stewart had a "very different story."

41. Stewart continued to harass Plaintiff during meetings, provide her with unfounded performance criticism, and ask more of Plaintiff than the other younger, male employees.

42. On or about October 3, 2014, Plaintiff told Forester that Stewart's treatment of her was worsening and scheduled a follow up meeting with Forester for October 10, 2014.

43. On or about October 8, 2014, Plaintiff participated in a telephone conference with approximately fifteen (15) other sales employees, and Stewart singled Plaintiff out by, among other things, asking unrealistic questions of Plaintiff. Stewart did not treat other younger and/or male employees in this manner.

44. After the telephone call, Plaintiff's coworkers told Plaintiff, among other things, that they felt uncomfortable during the meeting due to Stewart's treatment of Plaintiff and they did not understand why Stewart treated Plaintiff in such a hostile manner.

45. On or about October 10, 2014, Plaintiff met with Forester in order to discuss Stewart's escalating harassing behavior.

46. Forester began the meeting by informing Plaintiff that her employment was terminated. Plaintiff's termination was effective immediately.

47. Forester stated that Plaintiff's employment was terminated because Plaintiff did not get along with Stewart and "poor performance."

48. Defendant represented to the EEOC that Plaintiff was terminated because it determined her complaints of discrimination were "not made in good faith" and "inconsistent with the core values" of the corporation.

49. Upon information and belief, Defendant has a progressive discipline policy, pursuant to which employees are typically put on performance improvement plans or given write-ups that lists goals and expectations prior to being terminated.

50. Plaintiff did not receive anything in writing leading up to Plaintiff's termination that would have supported Defendant's state reason of "poor performance."

51. Plaintiff was escorted out of the building where there was a taxi waiting.

52. Defendant failed to adequately investigate or remedy Plaintiff's complaints of discrimination and retaliation, and rather, terminated Plaintiff's employment in retaliation for her complaints.

53. Plaintiff was the only employee terminated at the time.

54. Upon information and belief, Defendant replaced Plaintiff with a male who is approximately twelve (12) years younger than Plaintiff.

55. Upon information and belief, after Plaintiff's termination, Plaintiff's position is now called "National Account Manager," despite Defendant denying Plaintiff this title while employed.

56. Upon information and belief, after Plaintiff's termination, all National Account Managers of Defendant are male.

57. Upon information and belief, there is a significant underrepresentation of female employees at Defendant.

58. Upon information and belief, there is a significant underrepresentation of older employees at Defendant.

59. At the time of her termination, Plaintiff had the highest sales growth numbers of all the Key Account Managers.

60. Plaintiff's sex was a substantial, motivating and/or determinative factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected, and the decision to terminate her.

61. Plaintiff's age was a substantial, motivating and/or determinative factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected and the decision to terminate her.

62. Plaintiff's complaining of sex discrimination and age discrimination was a motivating and/or determinative factor in Defendants' retaliatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected, and Defendant terminating Plaintiff.

63. Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

64. The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

65. The discriminatory and retaliatory conduct of Defendant, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

66. As a direct and proximate result of the discriminatory and retaliatory conduct of the Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I - ADEA

67. Plaintiff incorporates paragraphs 1 through 66 as if set forth herein in their entirety.

68. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADEA.

69. Said violations were willful and warrant the imposition of liquidated damages.

70. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

71. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

9

72. No previous application has been made for the relief requested herein.

## COUNT II – TITLE VII

73. Plaintiff incorporates herein by reference paragraphs 1 through 72 above, as if set forth herein in their entirety.

74. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

75. Defendant acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

76. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

77. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

78. No previous application has been made for the relief requested herein.

## COUNT III – PHRA

79. Plaintiff incorporates herein by reference paragraphs 1 through 78 above, as if set forth herein in their entirety.

80. Defendant, by the above retaliatory and discriminatory acts, has violated the PHRA.

81. Said violations were intentional and willful.

82. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

83. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

84. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of the ADEA;

(b)    declaring the acts and practices complained of herein to be in violation of Title VII;

(c)    declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)    enjoining and permanently restraining the violations alleged herein;

(e)    entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(f)    awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation and loss of life's

11

pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h)    awarding liquidated damages to Plaintiff under the ADEA;

(i)    awarding punitive damages to Plaintiff under Title VII;

(j)    awarding Plaintiff such other damages as are appropriate under the ADEA, Title VII, and the PHRA;

(k)    awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and,

(l)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE LAW OFFICES LLC**

Date:   August 23, 2016

By: _____
Stephen G. Console (PA36656)
Megan Knowlton Balne (PA309583)
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 565-2850 (fax)

*Attorneys for Plaintiff,*
*Carol Quartuccio*

12

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | FEPA | | |
| | X    EEOC | | 530-2015-02651 |

| STATE OR LOCAL AGENCY: __PHRC__ | | | | |
|---|---|---|---|---|
| NAME (Indicate Mr., Ms., Mrs.) **Ms. Carol Quartuccio** | | TELEPHONE NUMBER *(Include Area Code)* | | |
| STREET ADDRESS | CITY, STATE AND ZIP Doylestown, PA 18902 | | DATE OF BIRTH | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME **Bimbo Bakeries USA, Inc.** | NUMBER OF EMPLOYEES, MEMBERS 15,000 (Approx.) | TELEPHONE (Include Area Code) (206) 624-9496 |
|---|---|---|
| STREET ADDRESS 255 Business Center Drive | CITY, STATE AND ZIP Horsham, PA 19044 | COUNTY Montgomery |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>__Race  __Color  **X** Sex  __National Origin<br>**X** Retaliation  **X** Age  __Disability  __Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*          *Latest* 8/10/2014 |
|---|---|

## The Particulars Are:

A.    1.    Relevant Work History

In May of 2009,[1] I was hired by Bimbo Bakeries USA, Inc. ("Respondent") as a Key Account Manager. At the time of my termination, I reported to Glenn Stewart (m, 44[2]), Director of Food Services. Mr. Stewart reported to Christopher Finck (m, 47), Senior Vice President of National Accounts.

At all times, I performed the duties of my job in a competent manner.

2.    Harm Summary

I believe that Respondent has discriminated against me, including subjecting me to a hostile work environment, based upon my age (59) and my sex (female), and has retaliated against me based upon my complaints of the same. Evidence of discriminatory and retaliatory conduct includes, but is not limited to, the following:

a)    On August 18, 2014, I had a meeting with Mr. Stewart, during which Mr. Stewart unjustifiably and harshly criticized my performance. Mr. Stewart unfavorably compared me to the other two male Key Account Managers, and told me that he was placing me on probation. The probation was unfounded. Mr. Stewart told me that he was going to record everything I did wrong from there on out. Mr. Stewart was visibly angry during

---

[1] All dates referenced herein are approximations.
[2] All ages referenced herein are approximations.

1

       this meeting.

b)     Mr. Stewart did not treat other male and/or younger employees in this manner.

c)     On August 19, 2014, I had a follow-up meeting with Mr. Stewart, during which I expressed my concern with how Mr. Stewart had treated me during our August 18, 2014 meeting. I told Mr. Stewart that I did not agree with his criticism of my performance and that the criticism was unfounded. In response, Mr. Stewart reiterated to me that he was placing me on probation, and he told me that he would be writing me up for everything I did wrong from that point forward.

d)     I never received anything in writing verifying or supporting the probation that Mr. Stewart verbally placed me on.

e)     On August 25, 2014, I had a meeting with Mr. Stewart, during which Mr. Stewart assigned an account to me that was known to have been operating in the negatives. Upon information and belief, Mr. Stewart assigned me this account in an effort to set me up for failure.

f)     On August 26, 2014, I delivered a letter to Lou Minella (m, 58), Senior Vice President of Human Resources, in which I complained of discrimination based upon my age and sex. The letter explained that: I was being "suppressed" and "forced out;" Mr. Stewart's "approach to women is very forceful and hurtful;" Mr. Stewart favored male employees; "I have never felt safe under the supervision of Glenn Stewart;" Mr. Stewart was discriminating against me based upon my age and my sex; and that Mr. Stewart "has a problem with women."

g)     On August 29, 2014, Mr. Minella called me into a meeting to discuss my complaints, during which I reiterated my complaints of discrimination. Mr. Minella told me that he would get back to me. When Mr. Minella got back to me, he told me that he was passing my complaint along to a Human Resources Manager, Kelly Forester (f, 39), who reports to Mr. Minella.

h)     On September 15, 2014, I met with Ms. Forester and I reiterated my complaints of age and sex discrimination. I explained to Ms. Forester that the conditions have not improved.

i)     Following my complaints of discrimination to Mr. Minella and Ms. Forester, Mr. Stewart continued to provide me with harsh and unfounded criticism of my performance.

j)     On September 22, 2014, I met with Ms. Forester again. I told Ms. Forester that Mr. Stewart's discriminatory treatment of me had worsened since my initial complaint. I explained to Ms. Forester that Mr. Stewart's treatment of me has been very emotional and stressful. In response, Ms. Forester told me that Mr. Stewart had a "very different story."

RECEIVED MAR 0 PM 4:01 EEOC PHILADELPHIA DISTRICT OFFICE

RECEIVED

k)   On October 3, 2014, I told Ms. Forester that the discriminatory treatment by Mr. Stewart was worsening. I explained that Mr. Stewart continued to harass me during meetings, provided me with unfounded performance criticism, and asked more of me than other younger and/or male employees. On October 3, 2014, I scheduled a follow-up meeting with Ms. Forester for October 10, 2014.

l)   On October 8, 2014, during a telephone conference with approximately fifteen (15) other individuals, Mr. Stewart singled me out by asking unrealistic questions of me. Mr. Stewart did not treat other younger and/or male employees in this manner. Following the telephone call, my coworkers came up to me and told me, among other things, that they felt uncomfortable during the meeting due to Mr. Stewart's treatment of me and that they did not understand why Mr. Stewart treated me in such a hostile manner.

m)   On October 10, 2014, I had my follow-up meeting with Ms. Forester, which was scheduled in order to discuss my complaints of discrimination. Ms. Forester began the meeting by telling me that my employment was terminated because I "don't get along with Glenn" and because of "poor performance." No other stated reasons were provided for my termination, and no support was given for Respondent's stated reasons. I was terminated before being given an opportunity to discuss my complaints of discrimination at this meeting.

n)   I still have not received any write-ups, performance improvement plans, or other documentation supporting Respondent's stated reason for my termination of "poor performance."

o)   Upon information and belief, Respondent has a progressive discipline policy, pursuant to which employees are typically put on performance improvement plans or given write-ups that lists goals and expectations, prior to being terminated. I did not receive anything in writing leading up to my termination that would have supported Respondent's stated reason of "poor performance."

p)   During my termination meeting, I asked Ms. Forester why I was being terminated without first receiving write-ups, and Ms. Forester told me that it was because Mr. Stewart didn't want to say anything until now.

q)   After I was terminated, I was escorted out of the building where there was a taxi waiting for me.

r)   Respondent failed to adequately address or remedy my complaints of discrimination, and rather, terminated my employment shortly after my complaints. I was the only employee terminated at the time.

s)   Upon information and belief, Respondent replaced me with a male who is approximately twelve (12) years younger than me.

t)   Upon information and belief, there is a significant underrepresentation of female

3

employees at respondent.

u) Upon information and belief, there is a significant underrepresentation of older employees at Respondent.

**B. Respondent's Stated Reasons**

a) Respondent has not provided any legitimate reason for subjecting me to a hostile work environment.

b) Respondent's stated reasons for terminating my employment are pretextual and unworthy of belief.

c) Respondent has not provided any legitimate reason for retaliating against me based upon my complaints of age and sex discrimination.

**C. Statutes and Basis for Allegations**

I believe that Respondent has discriminated against me based upon my age (59) and sex (female), and has retaliated against me for my complaints of the same, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended 43 P.S. §951, *et seq.* ("PHRA").

**D. Class and Pattern and Practice Charge**

**I bring this Charge as a class and pattern and practice Charge on behalf of all female employees and female applicants for employment with Respondent, who have been adversely treated, including being subjected to a hostile work environment, being terminated, not being promoted, or not being hired by Respondent.**

| | |
|---|---|
| **X** I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – (when necessary for State and Local Requirements) <br><br> I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct. | |
| | SIGNATURE OF COMPLAINANT |
| *3/9/2015*       *Carve C. Iardacciá* <br> Date:          Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

RECEIVED 15 MAR 10 PM 4:02 EEOC PHILADELPHIA DISTRICT OFFICE

4

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Carol Quartuccio v. Bimbo Bakeries USA, Inc.**



EEOC No. _530 - 2015 - 02551_

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

_X_ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

_X_ *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X   _Carol A. Quartuccio   3/9/2015_
Signature and Date

____ I do not want my charge dual filed with PHRC

_____
Signature and Date

# EXHIBIT B

EEOC Form 161-B (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Carol Quartuccio**

Doylestown, PA 18902

From:  **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

☐  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2015-02551** | **Legal Unit,**<br>**Legal Technician** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Spencer H. Lewis, Jr.,**
**District Director**

5/26/16
*(Date Mailed)*

Enclosures(s)

cc:  **Lisa M. Scidurlo, Esq. (for Respondent)**

**Kevin Console, Esq. (for Charging Party)**